IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLARD HAROLD HOPKINS, | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. 07-745 |
| KEEFE COMMISSARY NETWORK SALES; and | ) Judge Donetta W. Ambrose/ |
| ALLEGHENY COUNTY JAIL; | ) Magistrate Judge Amy Reynolds Hay |
| Defendants | ) |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

REPORT

**Relevant Procedural History**

Willard Harold Hopkins ("Plaintiff") is incarcerated in the Allegheny County Jail ("ACJ") pursuant to a detainer. Apparently, Keefe Commissary Network Sales ("Keefe") is the company responsible for running the commissary available to inmates at the ACJ.

Plaintiff is proceeding pro se and was granted leave to proceed in forma pauperis. Dkt. [2]. Plaintiff filed a pre-printed prisoner civil rights complaint form. In response to the question of what federal law Plaintiff claims was violated, Plaintiff responded "gouging of commissary prices." Complaint at ¶ III. The sum total of Plaintiff's factual allegations are that:

> 1) Keefe Group Corp. adjusted and rise [sic] their commissary price[s] with the help of the Allegheny County Jail.
> 2. Allegheny County Jail conspire[d] with Keefe Group on price gouging the merchandise on commissary that I Willard Hopkins had to purchase!

Complaint at ¶ IV.C.  By way of relief Plaintiff states that "I would like the defendants to stop the price gouging of the Allegheny County Jail Commissary and for myself I want to be compensated for the crime that they put upon me."  Complaint at ¶ VI.

**The PLRA**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).   The PLRA in relevant part significantly amended prior statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that–  (A) the allegation of poverty is untrue;  or  (B) the action or appeal–  (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2).  Here, Plaintiff has been granted IFP status, Dkt. [2],  and is a prisoner within the meaning of 28 U.S.C. §1915.[1]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28

---

[1] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h)

U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").

Alternatively, the screening provisions of 42 U.S.C. § 1997(e) apply herein. The PLRA amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to provide that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The same definition of prisoner is applicable to Section 1997e as is to Section 1915.[2] The Third Circuit Court of Appeals has held that the language of Section 1997e(a) mandates that courts determine the applicability of the PLRA by looking to the date whereon plaintiff sought to initiate his suit, and if on that date, he is a prisoner, the screening provisions of Section 1997e applies. Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002).

The statutory phrase "action brought with respect to prison conditions" is very broad and includes any condition found in a prison or jail. See, e.g., Porter v. Nussle, 534 U.S. 516 (2000); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Booth v. Churner, 206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001). Given the broad definition of "action with respect to prison conditions," Plaintiff's complaint about commissary prices arguably comes within that statutory definition. See, e.g., Rodriguez v. Swanson Services Corp., NO. CIV. 01-117-P-C,

---

[2] 42 U.S.C. § 1997e(h) provides that "[a]s used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2001 WL 506871 (D.Me. May 11, 2001)(applying Section 1997e to complaint involving claim of high commissary prices).

In addition, not only are the Courts permitted to sua sponte dismiss complaints under Section 1997e but they are required to do so if the complaint fails to state a claim upon which relief can be granted.  Nieves v. Dragovich, No. CIV.A. 96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are **required**, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.")(emphasis added).  Because Plaintiff was a "prisoner" at the time he sought to initiate this action by filling his IFP application and the instant suit is "an action brought with respect to prison conditions", 42 U.S.C. §1997e applies herein. Thus, if Plaintiff's action fails to state a claim upon which relief can be granted the court is required to dismiss the action.

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915 and 42 U.S.C. § 1997e, to determine if the complaint fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Neal v. Pennsylvania Board of Probation and Parole, 1997 WL 338838, at *1 ("The Court adopts the familiar standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure in determining whether the complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1)."); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state

a claim upon which relief could be granted'.  This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and 42 U.S.C. 1997e, and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97 (1976).

As the Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Previously, under Rule 12(b)(6), this court applied the test that a complaint would be not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.  That standard from Conley v. Gibson has been explicitly abrogated by Bell Atlantic:   "[w]e could go on, but there is no need to pile up further citations to show that *Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough . . . and after puzzling the profession for 50 years, this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct.  1969.  It is clear that the Conley standard no longer applies.  The Bell Atlantic standard that is meant to

replace the Conley standard is couched in terms of "plausibility." See e.g., id. at 1970 ("When we look for plausibility in this complaint, we agree with the District Court that plaintiffs' claim of conspiracy in restraint of trade comes up short."). Under the new plausibility standard, to survive under the rule 12(b)(6) standard, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic., 127 S.Ct. at 1965.[3]

Furthermore, because Plaintiff is pro se, the court must accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**Discussion**

Plaintiff alleges that Keefe charges exorbitant prices at the Commissary. Plaintiff does not identify what rights he claims are being violated other than the purported federal right not to have "gouging of commissary prices." Complaint at ¶ III.

Inmates have no federal constitutional right to be able to purchase items from a commissary. See, e.g., Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996)("we note that we know of no constitutional right of access to a prison gift or snack shop."); Bagwell v. Brewington-Carr, No. 97-714-GMS. 2000 WL 1239960, at *3 (D.Del. Aug. 25, 2000); Acree v. Peterson, No. 99-1085-KI, 2000 WL 1141587, at *7 (D.Or. Aug. 1, 2000)("Plaintiff has no protected property interest to purchase commissary items."). *A fortiori*, Plaintiff has no federal constitutional right to purchase items from the ACJ commissary at any particular price or to have

---

[3] While it is certain that the Conley "no set of facts" standard has been abrogated, apparently for all cases, it is not as clear that the Bell Atlantic plausibility standard is the standard to be applied to all Rule 12(b)(6) cases given that Bell Atlantic was a case addressing a Sherman Antitrust issue. In any event, even if the plausibility standard is not applicable to all civil cases, the standard of review is not particularly critical in this case, given that even under the more strict standard of Conley, this court would still have recommended dismissal of the complaint.

Keefe restrained from charging even exorbitant prices.  See, e.g., French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980)("We also reject French's contention that he and fellow inmates have a constitutionally protected interest in buying food as cheaply as possible."); Rodriguez v. Swanson Services Corp., No. 01-117-P-C, 2001 WL 506871, at *1 (D. Me. May 11, 2001); Bennett v. Sheahan, No 99-C-2270, 1999 WL 967534, at *4 (N.D. Ill. Oct. 5, 1999)("Commissary prices implicate no constitutional rights.").  Hence, Plaintiff's claim should be dismissed with prejudice for failing to state a claim.

   Plaintiff's second claim is one of conspiracy between the ACJ and Keefe to gouge commissary prices and it too must be dismissed for failure to state a claim.  Because the conspiracy claim is a conspiracy to gouge prices and such a conspiracy is derivative of, and dependent upon establishing the underlying constitutional tort, and because gouging prices in the jail commissary does not amount to a constitutional tort, the alleged conspiracy to do that which is not a constitutional tort fails to state a federal claim.  See, e.g., Beck v. Prupis, 529 U.S. 494, 502 (2000)(" '[C]onspiracy fails as the basis for the imposition of civil liability absent the actual commission of some independently recognized tort; and when such separate tort has been committed, it is that tort, and not the fact of combination, which is the foundation of the civil liability")(quoting, Cohen v. Bowdoin, 288 A.2d 106, 110 (Me. 1972)) ; Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000)("'Since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort.' . . . the cause of action [for a conspiracy] is wholly subordinate to the underlying tort's existence." ) (quoting, Halberstam v. Welch, 705 F.2d 472, 479 (D.C.Cir. 1983)); Bickel v. Mackie, 447 F.Supp. 1376, (D.C. Iowa 1978)(where plaintiff, suing in tort, fails to state claim upon which

relief can be granted as to that tort, count based on conspiracy to commit that tort must also fail), *aff'd*, 590 F. 2d 341 (8th Cir. 1978). Accordingly, the conspiracy claim must likewise be dismissed for failing to state a claim upon which relief can be granted.

Hence, the entire complaint must be dismissed for failure to state a claim upon which relief can be granted.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        */s/  Amy Reynolds Hay*
        United States Magistrate Judge

Dated:  19 June, 2007

cc:    The Honorable Donetta W. Ambrose
       United States District Judge

       Willard Harold Hopkins
       Inmate Number 3838
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219